1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

7  United States of America,           )
                                       )        CR-09-017-TUC-DCB
8              Plaintiff,              )
   v.                                  )
9                                      )
   Pauline Gallego Hong,               )        **ORDER**
10                                     )
               Defendant.              )
11                                     )
    _____ )
12

13        This matter was referred to the United States Magistrate Judge

14   pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of

15   this Court for hearing and a Report and Recommendation (R&R) on the

16   Defendant's Motion to Suppress Physical Evidence and Statements. Before

17   the Court is the Magistrate Judge's Report and Recommendation on the

18   Defendant's Motion to Suppress. The Magistrate Judge recommends to the

19   Court that the Motion to Suppress should be denied.  The Defendant filed

20   Objections to this Recommendation, the Government filed a Response and

21   Defendant filed a Reply.

22                                **SUMMARY**

23        Defendant, Pauline Gallego Hong, filed a Motion to Suppress

24   Physical Evidence and Statements based on the Fourth and Fifth Amendments

25   of the United States Constitution. An evidentiary hearing was conducted

26   by the Magistrate Judge on April 8, 2009 and April 20, 2009. Defendant

27   contended that Agents Terry and Reilly stopped the Defendant's vehicle

28   without reasonable suspicion, in violation of the Defendant's Fourth

1  Amendment rights, and that Defendant's statements made following her

2  arrest were the result of an illegal stop. As such, Defendant asserted

3  that both the marijuana and the statements should be suppressed.

**DEFENDANT'S OBJECTIONS**

5  The sole basis for the Defendant's Objections to the R&R is that

6  the Magistrate Judge incorrectly assessed the credibility of the

7  witnesses during the suppression hearing and that the record is devoid

8  of support for the Magistrate Judge's credibility assessments. Defendant

9  goes on to assert that this Court must conduct "another evidentiary

10 hearing in order to [re]consider the credibility of the Government's

11 witnesses." (Sic.)  (Objection at 1.)

**STANDARD OF REVIEW**

13 When objection is made to the findings and recommendation of a

14 magistrate judge, the district court must conduct a de novo review.

15 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

17 Available to the Court in conducting this de novo review is the

18 transcript of the motion to suppress hearing.  The Court has read the

19 evidentiary hearing transcript.  In doing so, the Court has discovered

20 no basis for second-guessing the Magistrate Judge's assessment of

21 credibility such that it will agree to conduct a second evidentiary

22 hearing. The Court also disagrees with the Defendant's position that

23 "[t]he Magistrate simply chose to believe the Government witnesses and

24 disregarded the fact that the Agents' reports were completely devoid of

25 any mention of the most crucial facts which would demonstrate that they

26 were telling the truth."  (Objection at 2.)

1    Defendant argues that the essence of the credibility assessment
2  issue hinges on the Agents' failure to mark with an identifying case
3  number the photographs of marijuana bundles found in the vehicle at the
4  scene.  (Objection at 4.) "The Government introduced several photographs
5  of what purports to be the marijuana confiscated from the Defendant's
6  vehicle; however, none of those photographs bear a case number which
7  would identify the bundles as coming from the Defendant's vehicle."
8  (Objection at 4.)  In fact, the Magistrate Judge specifically did not
9  attempt to resolve the possible evidentiary chain of custody issue
10  presented stating that "The government did not provide testimony showing
11  that the 19 bundles of marijuana received by Agent Jenkins were the
12  bundles seized from the Defendant's vehicle.  Because there was
13  insufficient chain of custody evidence, the pictures and Agent Jenkins'
14  testimony were not considered in reaching the recommendations in this
15  report." (R&R at 6 n. 6.)  Further, Defendant faults the "failure of the
16  agents to mention in their report the illumination of the Defendant's
17  vehicle." (Objection at 5.)  Defendant asserts that information was not
18  disclosed to the Defendant that a flashlight was used to discover the
19  bundles of marijuana until after the Motion to Suppress was filed.
20  Because of these infirmities, the Defendant asserts that the only
21  conclusion the Magistrate Judge could have made was that the Agents
22  stopped Defendant's vehicle based "upon nothing more than a hunch and
23  discovered contraband after the Defendant was stopped."  (Objection at
24  5-6.)
25    The Government responds that the Magistrate Judge's explanation of
26  her credibility findings is sufficient for this Court to adopt the R&R
27  without a second evidentiary hearing, as follows:
28                                    3

1  Defendant challenged the agents' credibility on the
   grounds that the agents failed to include certain
2  important details in their reports, including the fact of
   tandem driving of the vehicles, the use of a flashlight
3  and alley lights, and the failure to photograph the
   marijuana in place in the Tahoe. Despite these omissions,
4  the Court finds the agents credible. Although the agents
   could have, and perhaps should have, prepared more
5  complete reports, and photographed the marijuana in the
   vehicle, the fact that the reports failed to mention
6  certain details does not suggest that the agents have
   falsely testified regarding those details. As previously
7  stated, the agents' offered consistent testimony. Agents
   Thornbloom and Terry, who prepared reports in this case,
8  both admitted that they were fatigued when they prepared
   their reports and did not provide as complete a
9  description as they should have, thereby offering a
   credible and reasonable explanation for the reports' lack
10 of details. In addition, each is a relatively new agent.
   Furthermore, the radio transmissions admitted into
11 evidence included Agent Thornbloom's real-time
   description of the tandem driving. Finally, the
12 government produced evidence demonstrating that Agent
   Reilly was assigned an experimental high-beam flashlight
13 at the time of Defendants' arrest, which supports his
   testimony that he used this flashlight to look into
14 Defendant's vehicle.

15 (R&R at 9 n. 7.)

16     This explanation coupled with the corroborating real-time radio

17 transmissions are sufficient for this Court to determine that a second

18 evidentiary hearing is unnecessary under the circumstances of this case.

19 This Court will adopt the recommendation of the Magistrate Judge. *United*

20 *States v. Ridgway*, 300 F.3d 1153, 1156 (9th Cir. 2002)(acceptance of the

21 credibility determination without a second evidentiary hearing does not

22 violate due process).

23                         **CONCLUSION**

24     Accordingly, after conducting a de novo review of the record,

25     **IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation

26 (Doc. No. 42) in its entirety.  The Objections (Doc. No. 48) raised by

27 the Defendant are **OVERRULED**.

28                              4

1    IT IS FURTHER ORDERED that Defendant's Motion To Suppress Physical
2 Evidence and Statements (Doc. No. 16) is **DENIED**.   A jury trial is
3 currently set for July 28, 2009.

4         DATED this 7th day of July, 2009.

                                        David C. Bury
                                   United States District Judge